Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6710 | **DATE** | 11/2/2010 |
| **CASE TITLE** | Cordell Sanders (#R-41346) vs. Dr. Williams, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff having "struck out" pursuant to 28 U.S.C. § 1915(g), his motion for leave to proceed *in forma pauperis* [#3] is denied. The plaintiff must pay the full statutory filing fee of $350 within fourteen days of the date of this order. Failure to pay the $350 filing fee within fourteen days will result in summary dismissal of this case. *See* Local Rule 3.3(e) (N.D. Ill).

■ [**For further details see text below.**]    **Docketing to mail notices.**

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, health care providers at the Stateville Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he received inadequate care after glass somehow became embedded in his wrist.

The plaintiff seeks leave to proceed *in forma pauperis*. However, a review of the U.S. Party/Case Index reveals that the plaintiff is barred from proceeding without paying the full statutory filing fee in advance.

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least one of Mr. Sanders' prior cases, filed while he was incarcerated or detained, was dismissed in its entirety on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Sanders v. Malkowski*, 10 C 4685 (N.D. Ill.), summarily dismissed on initial review pursuant to 28 U.S.C. § 1915A by Minute Order of August 16, 2010 (Hart, J.).

**(CONTINUED)**

mjm

| STATEMENT |
|---|

The dismissals of non-meritorious claims in other cases count as additional strikes in light of Seventh Circuit precedent. Under *George v. Smith*, 507 F.3d 602 (7th Cir. 2007), when a prisoner files a multi-claim, multi-defendant suit, a strike is warranted if the complaint contains a frivolous claim. 507 F.3d at 608. To incur a strike, the entire case need not be dismissed as frivolous or for failure to state a claim. Rather, in accordance with *George*, so long as any claim in a prior suit was dismissed as frivolous or malicious, or for failure to state claim, the dismissal may count as a strike. *Id.*; *see also Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004) (warning that when prisoners seek to file a complaint jointly, each plaintiff may incur a strike if any claim in a complaint or appeal is "frivolous, malicious, or fails to state a claim upon which relief may be granted," regardless of whether other claims therein have merit).

The plaintiff has incurred two additional "*George* strikes." In *Sanders v. Barnes*, Case No. 10 C 1378 (N.D. Ill.), the court dismissed the plaintiff's claims against grievance officials on initial review. *See* Minute Order of March 3, 2010 (Hart, J.). Likewise, in *Sanders v. Lingle*, Case No. 10 C 1267 (C.D. Ill.), the court dismissed a disciplinary due process claim as non-actionable before dismissing remaining claims for failure to exhaust administrative remedies prior to bringing suit. *See* Merit Review Order entered September 24, 2010 (Baker, J.).

Having accumulated at least three strikes before initiating the instant suit, the plaintiff may not proceed *in forma pauperis* in this case unless he faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Before denying a motion to proceed *in forma pauperis*, a court must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate." *Ciarpaglini*, 352 F.3d at 330, *quoting Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. *Ciarpaglini*, 352 F.3d at 330, *citing Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003).

This case does not qualify for Section 1915(g)'s "imminent danger" exception. The plaintiff's current complaint concerns the quality of medical care received in 2008 at a prior place of confinement. Because this suit does not involve imminent danger of serious physical injury, 28 U.S.C. §1915(g) bars the plaintiff from proceeding without the full prepayment of the $350 statutory filing fee.

For the foregoing reasons, the court denies the plaintiff's motion for leave to file *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). If the plaintiff fails to pay the $350 filing fee within fourteen days, the court will enter judgment dismissing this case in its entirety. *See* Local Rule 3.3(e) (N.D. Ill).